# PEOPLE OF PORTO RICO

*v.*

# FORTUNA ESTATES.

---

San Juan; Law, No. 1191.

MOTION TO SET ASIDE SERVICE.

Suit against Corporation—Service of Agent.

      Nevers v. Central Altagracia, 3 Porto Rico Fed. Rep. 496, followed as to effectiveness of service of managing agent, as well as service of agent appointed for service under local statute.

Opinion filed January 22, 1918.

---

NOTE.—Authorities reviewing the question as to who is managing agent of foreign corporation for purposes of service of process are collated in notes in 23 L.R.A. 496, and 4 L.R.A.(N.S.) 460.

People v. Fortuna Estates.

*Messrs. Howard L. Kern,* Attorney General, and *Geo. S. Brengle,* Assistant Attorney General, for plaintiffs.

*Mr. O. B. Frazer* for defendant.

HAMILTON, Judge, delivered the following opinion:

The case at bar was begun in the local district court of Ponce by service upon "F. T. Maxwell in his character as manager or agent of the Fortuna Estates, the defendant mentioned in the writ serving the said defendant and leaving in his hands personally in his office at Ensenada, Guanica, Porto Rico, a copy of the said writ, and in the hands of the defendant mentioned a faithful and exact copy of the complaint in the suit mentioned in the said writ, dated to-day March 10, 1917." The motion to "set aside and quash the service of summons" is "for the reason that said service was made upon one F. T. Maxwell, who was not the agent of the defendant corporation for the service of process." And there is filed in support of the motion an affidavit of said Maxwell that "I am neither a director nor an officer of the Fortuna Estates, neither do I hold power of attorney for said company;" and a certificate of the executive secretary of Porto Rico that the Fortuna Estates was incorporated in New York July 3, 1909, where it has its home office, that the office in Porto Rico is Ponce, that

"Agents, Julius Umbach, address Ponce, Porto Rico, appointed July 14, 1909, expired October 16, 1916.

"F. Manuel Toro, address, Ponce, Porto Rico, appointed September 26, 1916.

"Papers filed.   Cert. of consent to be sued and Desig. of Agt., July 24, 1909, Fees $5.

"Written consent of agent, July 24, 1909.

"Certificate of substitution of agent & written consent, Oct. 16, 1916, Fees $5."

The law of Porto Rico provides in the Code of Civil Procedure, § 87, that civil actions are commenced by filing a complaint, and in §§ 88, 89 that thereupon there must issue a summons giving the substance of the complaint and directions as to answering, and in § 93 that the summons is to be served, as follows:

Subdivision 2.   "If the suit is against a foreign corporation, or a nonresident joint-stock company or association, doing business and having a managing or business agent, cashier or secretary within said island, to such agent, cashier or secretary, or to any station, ticket or other agent of such corporation transacting business thereof in the district where the action is commenced, and if there is no such agent in the said district, then service may be had upon any such agent in any other district."   [Compilation 1911, § 5077.]

Under § 97 the proof of service of summons and complaint must be by the certificate of the marshal that service has been made by him, and under § 98 the court is deemed to have acquired jurisdiction of the parties and to have control of all the subsequent proceedings from the time of the service of the summons and a copy of the complaint.   In the Civil Code there were formerly §§ 66 and 67, providing for the service of process upon designated agents of a foreign corporation. This was amended in 1911 by providing other details, but the new law in its §§ 38 and 39 is based upon the same general

principles. P. R. Rev. Stat. [Compilation, 1911] §§ 444, 445. These are as follows:—

"Sec. 444. Such corporation or joint-stock company shall also file, at the same time, and in the same office, a certificate, under the seal of the corporation, and the signature of its president, vice-president, or other acting head, and its secretary, if there be one, certifying that the said corporation has consented to be sued in the courts of this island upon all causes of action arising against it in this island, and that service of process may be made against some person, a resident of this island, whose name and place of residence shall be designated in such certificate and such service when so made upon such agent shall be valid service on the corporation or company, and such agent shall reside at the principal place of business of such corporation or company.

"Sec. 445. The written consent of the person so designated to act as such agent, shall also be filed in like manner, and such designation shall remain in force until the filing in the same office of a written revocation thereof, or of the consent, executed in like manner. A certified copy of a designation so filed, accompanied with a certificate that it has not been revoked is presumptive evidence of the execution thereof, and conclusive evidence of the authority of the officer executing it."

The case at bar raises the question already decided in this court in the case of Nevers v. Central Altagracia, 3 Porto Rico Fed. Rep. 496. The decision in that case is that there are two methods of service of foreign corporations under the laws of Porto Rico; that is to say, by service upon a managing or business agent, cashier, or secretary, on the one hand, or by service on the other hand upon the agent designated in the office

People v. Fortuna Estates.

of the executive secretary to receive service of process under the Civil Code. It is true that the sections of the Civil Code relied upon by Judge Rodey in that case have been repealed, but it was by a substitution of other provisions as above rather than a change in the principle of the law. It must be held, therefore, as indeed the present judge has previously held, that the two methods are not exclusive. The service upon a managing agent is sufficient, and the return of the marshal is prima facie evidence of the fact. There is such return in this case, and the evidence of the defendant is not directed to denying that fact. It is not necessary, therefore, to go into the general line of decisions upon the subject. It is merely a matter of stare decisis in this court. Agency is a question of fact, to be decided upon the circumstances of each case. Board of Trade v. Hammond Elevator Co. 198 U. S. 424, 49 L. ed. 1111, 25 Sup. Ct. Rep. 740.

It may be observed, further, that in this particular case the objection would have to be overruled on another ground. The suit at bar is brought not only against the Fortuna Estates, but in the complaint itself runs also against F. T. Maxwell as agent. It is true that the two are joined in the alternative "Fortuna Estates o sea la demandada representada por Mr. Maxwell." How far an allegation of this character is objectionable on the ground of uncertainty is a question not raised. Maxwell is in one alternative at least a defendant, and service has been made upon him.

It follows that the motion to quash and set aside service must be overruled.

It is so ordered.